# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

FOR PUBLICATION
August 7, 2018

v

No. 337686
Tuscola Circuit Court
LC No. 13-012652-FH;
          16-013674-FH

JOHN DAVID VANDERPOOL,

Defendant-Appellant.

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

Although I agree with the majority that the trial court had the authority under MCL 771.2(5) to extend defendant's probationary period, I write separately because I believe due process required defendant have notice and an opportunity to be heard before his probationary period was extended.

MCL 771.2(5) permits a trial court to amend, modify, or extend a defendant's probation period. Accordingly, in this case, the trial court had the authority to extend defendant's probation period so long as it did not exceed the five-year statutory maximum period allowed for defendant's felony conviction under MCL 771.2(1). I therefore concur with the majority's opinion in that regard. However, simply because MCL 771.2(5) vests the trial court with the authority to extend his probation period does not mean that defendant is no longer entitled to due process. Because the majority opinion fails to address defendant's due process rights, I dissent.

Due process for a criminal defendant generally requires reasonable notice of the charges against him or her, and an opportunity to have those charges proved beyond a reasonable doubt by the prosecution. *People v Eason*, 435 Mich 228, 223; 458 NW2d 17 (1990). I believe these principles extend to a post-conviction proceeding in which the prosecution files a petition in the trial court seeking to amend, modify, or extend a probation period, particularly if that probation period has technically already expired, as is the case here.[1] Despite the trial court's authority to

---

[1] The majority takes the position that the record indicates defendant knew he was still on probation. The majority bases its position on the fact that defendant was aware that he had not yet paid all court ordered costs and fees, that after his probation had been extended, but before

-1-

extend a defendant's probation period under MCL 771.2(5), there must be some reason for doing so: there must be some allegation against defendant that warrants an amendment, modification, or extension. Therefore, a defendant should be entitled to notice of those allegations, and an opportunity to have those allegations proven, or at a minimum substantiated.

I find defendant's reliance on *Gagnon v Scarpelli*, 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973) to be compelling. As the United States Supreme Court articulated in *Scarpelli*:

> Both the probationer or parolee and the State have interest in the accurate finding of fact and the informed use of discretion – the probationer or parolee to insure that his liberty is not unjustifiably taken away and the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community. [*Scarpelli*, 411 US at 785.]

By extending defendant's probation period, the trial court extended the constraint on his liberty. In my view, due process requires that defendant be made aware of the extension of that constraint, before the extension occurs, and that the extension is justified.

In *Scarpelli*, the United States Supreme Court reiterated that in *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), it had announced that a defendant is entitled to a preliminary hearing and a final hearing before the trial court can revoke probation or parole. *Id*. at 786. In particular, the Supreme Court determined that:

> At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:
>
> > (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to (the probationer) or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial

---

the December 2015 search, defendant's probation agent had petitioned the trial court for a bench warrant because defendant had tested positive for opiates, and that a subsequent bench warrant issued on December 3, 2015 revealed that defendant had been arrested on November 18, 2015 after he stopped reporting to his probation agent on a weekly basis. Regardless, these facts do not sway my position that due process required defendant have notice and a hearing prior to the trial court's entry of an order extending his probation.

officers of lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole. [*Scarpelli*, 411 US at 786, citing and quoting *Morrissey*, 408 US at 487-489.]

I find no reason why these principles should not also apply to the amendment, modification, or extension of probation or parole under MCL 771.2(5).

Based on the foregoing, I would reverse, vacate the trial court's order extending and subsequently revoking defendant's probation, and remand for proceedings on the petition to extend defendant's probation period that are consistent with defendant's right to due process.


/s/ Kathleen Jansen